William P. Deni, Jr.
J. Brugh Lower
Stephen R. Donat
**FBT GIBBONS LLP**
One Gateway Center
Newark, New Jersey 07102
(973) 596-4500

*Attorneys for Plaintiffs*
*Eisai R&D Management Co., Ltd.,*
*Eisai Co., Ltd.,*
*Eisai Manufacturing Ltd.,*
*Eisai Inc., and*
*MSD International Business GmbH*

*Of Counsel*:

Preston K. Ratliff II
Melanie R. Rupert
Bruce M. Wexler
Sarah E. Spencer
Justin T. Fleischacker
**PAUL HASTINGS LLP**
200 Park Avenue
New York, New York 10166
(212) 318-6000

Lucas L. Kressel
**PAUL HASTINGS LLP**
2001 Ross Avenue #2700
Dallas, Texas 75201
(972) 936-7500

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

EISAI R&D MANAGEMENT CO., LTD.;
EISAI CO., LTD.;
EISAI MANUFACTURING LTD.;
EISAI INC.; and
MSD INTERNATIONAL BUSINESS GMBH,

Plaintiffs,

v.

ZYDUS PHARMACEUTICALS (USA) INC.;
ZYDUS LIFESCIENCES GLOBAL FZE; and
ZYDUS LIFESCIENCES LIMITED,

Defendants.

Civil Action No. 26-11697

*Document Electronically Filed*

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs Eisai R&D Management Co., Ltd., Eisai Co., Ltd., Eisai Manufacturing Ltd., and Eisai Inc. (collectively, “Eisai”) and MSD International Business GmbH (together with Eisai, “Plaintiffs”), for their Complaint against Defendants Zydus Pharmaceuticals (USA) Inc. (“Zydus USA”), Zydus Lifesciences Global FZE (“Zydus FZE”), and Zydus Lifesciences

Limited ("Zydus Limited") (collectively, "Defendants" or "Zydus"), hereby allege as follows:

## THE PARTIES

1. Plaintiff Eisai R&D Management Co., Ltd. ("ERDC") is a Japanese corporation having a principal place of business at 6-10 Koishikawa 4-Chome, Bunkyo-ku, Tokyo 112-8088, Japan.

2. Plaintiff Eisai Co., Ltd. ("ECL") is a Japanese corporation having a principal place of business at 6-10 Koishikawa 4-Chome, Bunkyo-ku, Tokyo 112-8088, Japan.

3. Plaintiff Eisai Manufacturing Ltd. ("EML") is an English and Welsh corporation having a principal place of business at European Knowledge Centre, Mosquito Way, Hatfield, Hertfordshire, AL10 9SN, United Kingdom.

4. Plaintiff Eisai Inc. ("ESI") is a Delaware corporation having a principal place of business at 200 Metro Boulevard, Nutley, New Jersey 07110.

5. Plaintiff MSD International Business GmbH ("MSD") is a company with limited liability organized and existing under the laws of Switzerland, whose registered office is at Tribschenstrasse, 60, 6005 Lucerne, Switzerland.

6. Upon information and belief, Defendant Zydus USA is a corporation organized and existing under the laws of New Jersey, having a principal place of business at 73 Route 31 North, Pennington, New Jersey 08534.

7. Upon information and belief, Defendant Zydus USA is registered with New Jersey's Division of Revenue and Enterprise Services as a business operating in New Jersey under Business ID No. 0100915422.

8. Upon information and belief, Defendant Zydus USA is registered with New Jersey's Department of Health as a drug wholesaler under Registration No. 5003171.

9. Upon information and belief, Defendant Zydus FZE is a corporation organized and existing under the laws of the United Arab Emirates, having a principal place of business at FZJO B2601, Jebel Ali Free Zone Dubai, United Arab Emirates.

10. Upon information and belief, Defendant Zydus Limited is a corporation organized and existing under the laws of India, having a principal place of business at Zydus Corporate Park, Scheme No. 63, Survey No. 536, Khoraj (Gandhinagar), Nr. Vaishnodevi Circle, S.G. Highway, Ahmedabad, Gujarat 382481, India.

11. Upon information and belief, Defendant Zydus USA is a wholly owned subsidiary of Defendant Zydus Limited.

12. Upon information and belief, Defendant Zydus FZE is a wholly owned subsidiary of Defendant Zydus Limited.

13. Upon information and belief, Defendant Zydus develops, manufactures, imports, markets, distributes, offers for sale, and/or sells generic versions of branded pharmaceutical products throughout the United States, including in New Jersey.

14. Upon information and belief, Defendants Zydus USA, Zydus FZE, and Zydus Limited acted in concert to develop the proposed generic products that are the subject of Zydus's 505(b)(2) New Drug Application No. 220262 ("Zydus's Proposed 505(b)(2) Products"), and to seek regulatory approval from the U.S. Food and Drug Administration ("FDA") to market and sell Zydus's Proposed 505(b)(2) Products throughout the United States, including in New Jersey.

15. Upon information and belief, Defendant Zydus USA will act as the U.S. regulatory agent for Defendant Zydus FZE and Defendant Zydus Limited or at the direction of Defendant Zydus FZE and Defendant Zydus Limited, to manufacture, import, market, and/or sell Zydus's Proposed 505(b)(2) Products.

**JURISDICTION AND VENUE**

16. This is a civil action for infringement of U.S. Patent No. 9,006,256 ("the '256 patent"), U.S. Patent No. 10,407,393 ("the '393 patent"), U.S. Patent No. 11,186,547 ("the '547 patent"), and U.S. Patent No. 12,226,409 ("the '409 patent") (collectively, "the patents-in-suit"). This action arises under the patent laws of the United States, 35 U.S.C. §§ 100 *et seq.*, as well as the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

17. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201-2202, and/or 35 U.S.C. § 271. This Court may declare the rights and other legal relations of the parties under 28 U.S.C. §§ 2201-2202 because this case is an actual controversy within the Court's jurisdiction.

18. Venue is proper in this Court as to Zydus USA under 28 U.S.C. § 1400(b) because Zydus USA resides and is incorporated in New Jersey and has committed acts of infringement and has a regular and established place of business in this Judicial District. Venue is proper for the additional reasons set forth below, and for other reasons that will be presented to the Court if such venue is challenged.

19. This Court has personal jurisdiction over Zydus USA, and venue is proper as to Zydus USA, because, *inter alia*, Zydus USA: (1) is incorporated in New Jersey; (2) has a principal place of business and business addresses in New Jersey; (3) has employees in the places of business that it maintains in New Jersey; (4) has purposely availed itself of the privilege of doing business in New Jersey, including securing a New Jersey wholesale drug distributor's license (Registration No. 5003171) and New Jersey Business Entity identification numbers (Registration No. 0100915422); (5) develops, manufactures, and/or imports generic pharmaceutical versions of branded products for sale and use throughout the United States, including in New Jersey; (6) directly or indirectly markets, distributes, and/or sells its generic

pharmaceutical products in New Jersey; (7) directly or indirectly maintains pervasive, continuous, and systematic contacts with New Jersey, including through a network of wholesalers and distributors, for the purposes of marketing, distribution, and/or sale of generic pharmaceutical products in New Jersey; (8) enjoys substantial income from sales of its generic pharmaceutical products in New Jersey; and (9) upon information and belief, intends to, directly or indirectly through its subsidiary, agent, and/or alter ego, market, sell, or distribute Zydus's Proposed 505(b)(2) Products in New Jersey.

20. This Court has personal jurisdiction over Zydus USA because, *inter alia*, it has availed itself of the legal protections of New Jersey by previously consenting to personal jurisdiction and asserting counterclaims in this Judicial District. *See, e.g., Bausch Health Ireland Ltd. v. Zydus Pharms. (USA) Inc.*, No. 26-03803 (MCA) (CF); *Supernus Pharms., Inc. v. Zydus Lifesciences Global FZE*, No. 26-03543 (MEF) (MAH); *Shanghai Aucta Pharms. Co. Ltd. v. Zydus Pharms. (USA) Inc.*, No. 26-02954 (ESK) (MJS); *BeOne Medicines USA, Inc. v. Zydus Pharms. (USA) Inc.*, No. 26-02010 (MEF) (CF); *ChemoCentryx, Inc. v. Zydus Pharms. (USA) Inc.*, No. 26-00556 (JKS) (SDA); *Shionogi Inc. v. Zydus Pharms. (USA) Inc.*, No. 25-18032 (JCG) (LDW); *Supernus Pharms., Inc. v. Zydus Lifesciences Global FZE*, No. 25-12188 (MEF) (MAH).

21. Zydus USA has further availed itself of the jurisdiction of New Jersey by initiating litigation in this Judicial District. *See, e.g., Zydus Pharms. (USA) Inc. v. Novartis Pharm. Corp.*, No. 19-21259 (SRC) (CLW).

22. Venue is proper in this Court as to Zydus FZE under 28 U.S.C. § 1391(c)(3) because Zydus FZE is a foreign corporation and may be sued in any judicial district in the United States in which Zydus FZE is subject to the court's personal jurisdiction. Venue is proper for the

additional reasons set forth below, and for other reasons that will be presented to the Court if such venue is challenged.

23. This Court has personal jurisdiction over Zydus FZE, and venue is proper as to Zydus FZE, because, *inter alia*, Zydus FZE: (1) directs and/or controls Zydus USA, which has a principal place of business and business addresses in New Jersey; (2) has purposely availed itself of the privilege of doing business in New Jersey, directly or indirectly through its subsidiary, agent, and/or alter ego; (3) maintains pervasive, continuous, and systematic contacts with New Jersey, including the marketing, distribution, and/or sale of generic pharmaceutical products in New Jersey; (4) upon information and belief, derives substantial revenue from the sale of its products in New Jersey; and (5) upon information and belief, intends to, directly or indirectly through its subsidiary, agent, and/or alter ego, market, sell, or distribute Zydus's Proposed 505(b)(2) Products in New Jersey.

24. This Court has personal jurisdiction over Zydus FZE because, *inter alia*, it has availed itself of the legal protections of New Jersey by previously consenting to personal jurisdiction and asserting counterclaims in this Judicial District. *See, e.g.*, *Supernus Pharms., Inc. v. Zydus Lifesciences Global FZE*, No. 26-03543 (MEF) (MAH); *ChemoCentryx, Inc. v. Zydus Pharms. (USA) Inc.*, No. 26-00556 (JKS) (SDA); *Shionogi Inc. v. Zydus Pharms. (USA) Inc.*, No. 25-18032 (JCG) (LDW); *Supernus Pharms., Inc. v. Zydus Lifesciences Global FZE*, No. 25-12188 (MEF) (MAH).

25. Alternatively, should the Court find that the above facts do not establish personal jurisdiction over Zydus FZE in this action, this Court may exercise jurisdiction over Zydus FZE pursuant to Fed. R. Civ. P. 4(k)(2) because: (1) Plaintiffs' claims arise under federal law; (2) Zydus FZE is a foreign defendant not subject to personal jurisdiction in any state's court of

general jurisdiction; and (3) Zydus FZE has sufficient contacts with the United States as a whole, including but not limited to submitting numerous Abbreviated New Drug Applications ("ANDAs") to the FDA and manufacturing, importing, offering to sell, or selling generic pharmaceutical products distributed throughout the United States, such that this Court's exercise of jurisdiction over Zydus FZE satisfies due process.

26. Venue is proper in this Court as to Zydus Limited under 28 U.S.C. § 1391(c)(3) because Zydus Limited is a foreign corporation and may be sued in any judicial district in the United States in which Zydus Limited is subject to the court's personal jurisdiction. Venue is proper for the additional reasons set forth below, and for other reasons that will be presented to the Court if such venue is challenged.

27. This Court has personal jurisdiction over Zydus Limited, and venue is proper as to Zydus Limited, because, *inter alia*, Zydus Limited: (1) directs and/or controls Zydus USA, which has a principal place of business and business addresses in New Jersey; (2) has purposely availed itself of the privilege of doing business in New Jersey, directly or indirectly through its subsidiary, agent, and/or alter ego; (3) maintains pervasive, continuous, and systematic contacts with New Jersey, including the marketing, distribution, and/or sale of generic pharmaceutical products in New Jersey; (4) upon information and belief, derives substantial revenue from the sale of its products in New Jersey; and (5) upon information and belief, intends to, directly or indirectly through its subsidiary, agent, and/or alter ego, market, sell, or distribute Zydus's Proposed 505(b)(2) Products in New Jersey.

28. This Court has personal jurisdiction over Zydus Limited because, *inter alia*, it has availed itself of the legal protections of New Jersey by previously consenting to personal jurisdiction and asserting counterclaims in this Judicial District. *See, e.g.*, *Bausch Health Ireland*

*Ltd. v. Zydus Pharms. (USA) Inc.*, No. 26-03803 (MCA) (CF); *Supernus Pharms., Inc. v. Zydus Lifesciences Global FZE*, No. 26-03543 (MEF) (MAH); *Shanghai Aucta Pharms. Co. Ltd. v. Zydus Pharms. (USA) Inc.*, No. 26-02954 (ESK) (MJS); *BeOne Medicines USA, Inc. v. Zydus Pharms. (USA) Inc.*, No. 26-02010 (MEF) (CF); *ChemoCentryx, Inc. v. Zydus Pharms. (USA) Inc.*, No. 26-00556 (JKS) (SDA); *Shionogi Inc. v. Zydus Pharms. (USA) Inc.*, No. 25-18032 (JCG) (LDW); *Supernus Pharms., Inc. v. Zydus Lifesciences Global FZE*, No. 25-12188 (MEF) (MAH).

29. Alternatively, should the Court find that the above facts do not establish personal jurisdiction over Zydus Limited in this action, this Court may exercise jurisdiction over Zydus Limited pursuant to Fed. R. Civ. P. 4(k)(2) because: (1) Plaintiffs' claims arise under federal law; (2) Zydus Limited is a foreign defendant not subject to personal jurisdiction in any state's court of general jurisdiction; and (3) Zydus Limited has sufficient contacts with the United States as a whole, including but not limited to submitting numerous ANDAs to the FDA and manufacturing, importing, offering to sell, or selling generic pharmaceutical products distributed throughout the United States, such that this Court's exercise of jurisdiction over Zydus Limited satisfies due process.

30. This Court also has personal jurisdiction over Zydus because, *inter alia*, Zydus USA, Zydus FZE, and Zydus Limited have each committed, aided, abetted, contributed to, and/or participated in the commission of, acts of patent infringement, including acts in New Jersey, that have led to foreseeable harm and injury to Plaintiffs in New Jersey.

31. Upon information and belief, Zydus USA, Zydus FZE, and Zydus Limited are agents of each other with respect to formulating, manufacturing, packaging, marketing, and/or selling pharmaceutical products throughout the United States, and will do the same with respect

to Zydus's Proposed 505(b)(2) Products.

32. Upon information and belief, Zydus USA, Zydus FZE, and Zydus Limited are acting in concert with each other with respect to formulating, manufacturing, packaging, marketing, and/or selling pharmaceutical products throughout the United States, and will do the same with respect to Zydus's Proposed 505(b)(2) Products.

33. Upon information and belief, Zydus Limited, alone and/or together with its affiliates and agents Zydus USA and/or Zydus FZE, filed or caused to be filed 505(b)(2) New Drug Application No. 220262 ("Zydus's 505(b)(2) application") with the FDA.

34. Upon information and belief, the actions of Zydus of, *inter alia*, causing Zydus's 505(b)(2) application to be filed and maintaining its distribution channels, including in New Jersey, establish that, if granted approval, Zydus USA will commercially manufacture, use, offer to sell, sell, and/or import Zydus's Proposed 505(b)(2) Products throughout the United States, including in New Jersey.

35. Zydus USA and Zydus FZE sent ERDC and ESI a letter dated July 30, 2026 ("Zydus's Paragraph IV Notice Letter") providing notice that Zydus's 505(b)(2) application contains a certification with respect to, *inter alia*, the patents-in-suit under the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 355(b)(2)(A)(iv) ("Paragraph IV Certification"), and stating that Zydus had filed Zydus's 505(b)(2) application seeking approval from the FDA to commercially manufacture, use, market, or sell Zydus's Proposed 505(b)(2) Products in the United States (including, upon information and belief, in New Jersey) prior to the expiration of the patents-in-suit. ESI received Zydus's Paragraph IV Notice Letter in New Jersey on July 31, 2026, and ERDC received Zydus's Paragraph IV Notice Letter on August 3, 2026.

**THE PATENTS-IN-SUIT**

36. ESI holds approved New Drug Application ("NDA") No. 206947, which the FDA approved on February 13, 2015. ESI markets and sells the oral capsules that are the subject of NDA No. 206947 in the United States under the brand name "LENVIMA®."

37. LENVIMA® has been approved by the FDA for the following indications: (1) for the treatment of adult patients with locally recurrent or metastatic, progressive, radioactive iodine-refractory differentiated thyroid cancer ("DTC"); (2) in combination with pembrolizumab for the first-line treatment of adult patients with advanced renal cell carcinoma ("RCC"); (3) in combination with everolimus for the treatment of adult patients with advanced RCC following one prior anti-angiogenic therapy; (4) for the first-line treatment of patients with unresectable hepatocellular carcinoma ("HCC"); and (5) in combination with pembrolizumab for the treatment of patients with advanced endometrial carcinoma ("EC") that is mismatch repair proficient ("pMMR") or not microsatellite instability-high ("MSI-H"), as determined by an FDA-approved test, who have disease progression following prior systemic therapy in any setting and are not candidates for curative surgery or radiation.

38. ERDC is the assignee of the patents-in-suit. ECL is an exclusive licensee of the patents-in-suit. EML, ESI, and MSD are co-exclusive sub-licensees of the patents-in-suit. ESI is a wholly owned, indirect subsidiary of ECL.

39. The '256 patent was duly and legally issued by the United States Patent and Trademark Office ("USPTO") on April 14, 2015, and is titled "Antitumor Agent for Thyroid Cancer." A true and correct copy of the '256 patent is attached as Exhibit A.

40. The '393 patent was duly and legally issued by the USPTO on September 10, 2019, and is titled "High-Purity Quinoline Derivative and Method for Manufacturing Same." A true and correct copy of the '393 patent is attached as Exhibit B.

41. The ’547 patent was duly and legally issued by the USPTO on November 30, 2021, and is titled “High-Purity Quinoline Derivative and Method for Manufacturing Same.” A true and correct copy of the ’547 patent is attached as Exhibit C.

42. The ’409 patent was duly and legally issued by the USPTO on February 18, 2025, and is titled “Treatment of Hepatocellular Carcinoma.” A true and correct copy of the ’409 patent is attached as Exhibit D.

43. Pursuant to 21 U.S.C. § 355(b)(1), the patents-in-suit are listed in the FDA’s publication titled *Approved Drug Products with Therapeutic Equivalence Evaluations* (also known as the “Orange Book”) as covering Plaintiffs’ LENVIMA®.

**ZYDUS’S 505(b)(2) APPLICATION AND NOTICE LETTER**

44. Upon information and belief, Zydus submitted Zydus’s 505(b)(2) application to the FDA under § 505(b) of the Federal Food, Drug, and Cosmetic Act (“FDCA”) (21 U.S.C. § 355(b)), seeking approval to engage in the commercial manufacture, use, offer for sale, or sale within the United States, and/or importation into the United States, of Zydus’s Proposed 505(b)(2) Products prior to the expiration of the patents-in-suit.

45. Upon information and belief, Zydus sent Zydus’s Paragraph IV Notice Letter to ERDC and ESI, which ESI received in New Jersey on July 31, 2026, and ERDC received on August 3, 2026. In its Paragraph IV Notice Letter, Zydus represented that Zydus’s 505(b)(2) application included Paragraph IV Certifications with respect to, *inter alia*, the patents-in-suit, and that Zydus sought approval of Zydus’s 505(b)(2) application prior to the expiration of the patents-in-suit.

46. Zydus’s Paragraph IV Notice Letter included an Offer of Confidential Access (“OCA”) to certain Zydus confidential information regarding Zydus’s Proposed 505(b)(2) Products. After receiving Zydus’s Paragraph IV Notice Letter, Plaintiffs and Zydus negotiated

in good faith in an effort to reach mutually agreeable terms for Zydus's OCA. The parties, however, were not ultimately able to reach agreement. As of the date of this Complaint, Plaintiffs have not yet received access to a complete copy of Zydus's 505(b)(2) application and a complete copy of the Drug Master File ("DMF") referenced in Zydus's 505(b)(2) application.

47. Plaintiffs are not aware of any other means, other than discovery in this lawsuit, to obtain this information regarding Zydus's Proposed 505(b)(2) Products. In the absence of receiving such information within the 45-day statutory period, Plaintiffs will utilize the judicial process and the aid of discovery to obtain, under appropriate judicial safeguards, such information as is required to support their allegations of infringement and to present the Court with evidence that Zydus's Proposed 505(b)(2) Products fall within the scope of one or more claims of the patents-in-suit.

48. Plaintiffs are commencing this action within 45 days of the date of receipt of Zydus's Paragraph IV Notice Letter in accordance with the time frame for filing such a suit established by the Hatch-Waxman Act, 21 U.S.C. § 355(j)(5)(B)(iii).

## ACTS GIVING RISE TO THIS ACTION

### COUNT I: INFRINGEMENT OF THE '256 PATENT BY ZYDUS

49. Plaintiffs re-allege paragraphs 1-48 as if fully set forth herein.

50. Zydus USA, Zydus FZE, and Zydus Limited are jointly and severally liable for any infringement of the '256 patent because, upon information and belief, Zydus USA, Zydus FZE, and Zydus Limited actively and knowingly caused to be submitted, assisted with, participated in, contributed to, and/or directed the submission of Zydus's 505(b)(2) application and its accompanying Paragraph IV Certification directed to the '256 patent to the FDA.

51. By seeking approval of Zydus's 505(b)(2) application to engage in the

commercial manufacture, use, offer for sale, or sale within the United States, and/or importation into the United States, of Zydus's Proposed 505(b)(2) Products prior to the expiration of the '256 patent, Zydus has infringed one or more claims of the '256 patent under 35 U.S.C. § 271(e)(2)(A).

52. Upon information and belief, the manufacture, use, offer for sale, or sale within the United States, and/or importation into the United States, of Zydus's Proposed 505(b)(2) Products meets or embodies all elements of one or more claims of the '256 patent.

53. Upon information and belief, Zydus intends to and will engage in the commercial manufacture, use, offer for sale, or sale within the United States, and/or importation into the United States, of Zydus's Proposed 505(b)(2) Products upon receipt of final FDA approval of Zydus's 505(b)(2) application.

54. If Zydus manufactures, uses, offers to sell, or sells within the United States, and/or imports into the United States, Zydus's Proposed 505(b)(2) Products prior to the expiration of the '256 patent, Zydus will infringe one or more claims of the '256 patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

55. Plaintiffs are entitled to relief provided by 35 U.S.C. § 271(e)(4), including an Order of this Court that the effective date of the approval of Zydus's 505(b)(2) application be a date that is not earlier than the expiration date of the '256 patent, or any later expiration of any patent term extension or exclusivity for the '256 patent to which Plaintiffs are or become entitled.

56. Plaintiffs are entitled to a declaration that, if Zydus commercially manufactures, uses, offers for sale, or sells Zydus's Proposed 505(b)(2) Products within the United States, imports Zydus's Proposed 505(b)(2) Products into the United States, or induces or contributes to

such conduct, Zydus will infringe one or more claims of the ’256 patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

57. Plaintiffs will be irreparably harmed by Zydus’s infringing activities unless those activities are enjoined by this Court. Plaintiffs do not have an adequate remedy at law.

**COUNT II: INFRINGEMENT OF THE ’393 PATENT BY ZYDUS**

58. Plaintiffs re-allege paragraphs 1-57 as if fully set forth herein.

59. Zydus USA, Zydus FZE, and Zydus Limited are jointly and severally liable for any infringement of the ’393 patent because, upon information and belief, Zydus USA, Zydus FZE, and Zydus Limited actively and knowingly caused to be submitted, assisted with, participated in, contributed to, and/or directed the submission of Zydus’s 505(b)(2) application and its accompanying Paragraph IV Certification directed to the ’393 patent to the FDA.

60. By seeking approval of Zydus’s 505(b)(2) application to engage in the commercial manufacture, use, offer for sale, or sale within the United States, and/or importation into the United States, of Zydus’s Proposed 505(b)(2) Products prior to the expiration of the ’393 patent, Zydus has infringed one or more claims of the ’393 patent under 35 U.S.C. § 271(e)(2)(A).

61. Upon information and belief, the manufacture, use, offer for sale, or sale within the United States, and/or importation into the United States, of Zydus’s Proposed 505(b)(2) Products meets or embodies all elements of one or more claims of the ’393 patent.

62. Upon information and belief, Zydus intends to and will engage in the commercial manufacture, use, offer for sale, or sale within the United States, and/or importation into the United States, of Zydus’s Proposed 505(b)(2) Products upon receipt of final FDA approval of Zydus’s 505(b)(2) application.

63. If Zydus manufactures, uses, offers to sell, or sells within the United States, and/or imports into the United States, Zydus's Proposed 505(b)(2) Products prior to the expiration of the '393 patent, Zydus will infringe one or more claims of the '393 patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

64. Plaintiffs are entitled to relief provided by 35 U.S.C. § 271(e)(4), including an Order of this Court that the effective date of the approval of Zydus's 505(b)(2) application be a date that is not earlier than the expiration date of the '393 patent, or any later expiration of any patent term extension or exclusivity for the '393 patent to which Plaintiffs are or become entitled.

65. Plaintiffs are entitled to a declaration that, if Zydus commercially manufactures, uses, offers for sale, or sells Zydus's Proposed 505(b)(2) Products within the United States, imports Zydus's Proposed 505(b)(2) Products into the United States, or induces or contributes to such conduct, Zydus will infringe one or more claims of the '393 patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

66. Plaintiffs will be irreparably harmed by Zydus's infringing activities unless those activities are enjoined by this Court. Plaintiffs do not have an adequate remedy at law.

**COUNT III: INFRINGEMENT OF THE '547 PATENT BY ZYDUS**

67. Plaintiffs re-allege paragraphs 1-66 as if fully set forth herein.

68. Zydus USA, Zydus FZE, and Zydus Limited are jointly and severally liable for any infringement of the '547 patent because, upon information and belief, Zydus USA, Zydus FZE, and Zydus Limited actively and knowingly caused to be submitted, assisted with, participated in, contributed to, and/or directed the submission of Zydus's 505(b)(2) application and its accompanying Paragraph IV Certification directed to the '547 patent to the FDA.

69. By seeking approval of Zydus's 505(b)(2) application to engage in the commercial manufacture, use, offer for sale, or sale within the United States, and/or importation into the United States, of Zydus's Proposed 505(b)(2) Products prior to the expiration of the '547 patent, Zydus has infringed one or more claims of the '547 patent under 35 U.S.C. § 271(e)(2)(A).

70. Upon information and belief, the manufacture, use, offer for sale, or sale within the United States, and/or importation into the United States, of Zydus's Proposed 505(b)(2) Products meets or embodies all elements of one or more claims of the '547 patent.

71. Upon information and belief, Zydus intends to and will engage in the commercial manufacture, use, offer for sale, or sale within the United States, and/or importation into the United States, of Zydus's Proposed 505(b)(2) Products upon receipt of final FDA approval of Zydus's 505(b)(2) application.

72. If Zydus manufactures, uses, offers to sell, or sells within the United States, and/or imports into the United States, Zydus's Proposed 505(b)(2) Products prior to the expiration of the '547 patent, Zydus will infringe one or more claims of the '547 patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

73. Plaintiffs are entitled to relief provided by 35 U.S.C. § 271(e)(4), including an Order of this Court that the effective date of the approval of Zydus's 505(b)(2) application be a date that is not earlier than the expiration date of the '547 patent, or any later expiration of any patent term extension or exclusivity for the '547 patent to which Plaintiffs are or become entitled.

74. Plaintiffs are entitled to a declaration that, if Zydus commercially manufactures, uses, offers for sale, or sells Zydus's Proposed 505(b)(2) Products within the United States,

imports Zydus's Proposed 505(b)(2) Products into the United States, or induces or contributes to such conduct, Zydus will infringe one or more claims of the '547 patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

75. Plaintiffs will be irreparably harmed by Zydus's infringing activities unless those activities are enjoined by this Court. Plaintiffs do not have an adequate remedy at law.

**COUNT IV: INFRINGEMENT OF THE '409 PATENT BY ZYDUS**

76. Plaintiffs re-allege paragraphs 1-75 as if fully set forth herein.

77. Zydus USA, Zydus FZE, and Zydus Limited are jointly and severally liable for any infringement of the '409 patent because, upon information and belief, Zydus USA, Zydus FZE, and Zydus Limited actively and knowingly caused to be submitted, assisted with, participated in, contributed to, and/or directed the submission of Zydus's 505(b)(2) application and its accompanying Paragraph IV Certification directed to the '409 patent to the FDA.

78. By seeking approval of Zydus's 505(b)(2) application to engage in the commercial manufacture, use, offer for sale, or sale within the United States, and/or importation into the United States, of Zydus's Proposed 505(b)(2) Products prior to the expiration of the '409 patent, Zydus has infringed one or more claims of the '409 patent under 35 U.S.C. § 271(e)(2)(A).

79. Upon information and belief, the manufacture, use, offer for sale, or sale within the United States, and/or importation into the United States, of Zydus's Proposed 505(b)(2) Products meets or embodies all elements of one or more claims of the '409 patent.

80. Upon information and belief, Zydus intends to and will engage in the commercial manufacture, use, offer for sale, or sale within the United States, and/or importation into the United States, of Zydus's Proposed 505(b)(2) Products upon receipt of final FDA approval of

Zydus's 505(b)(2) application.

81. If Zydus manufactures, uses, offers to sell, or sells within the United States, and/or imports into the United States, Zydus's Proposed 505(b)(2) Products prior to the expiration of the '409 patent, Zydus will infringe one or more claims of the '409 patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

82. Plaintiffs are entitled to relief provided by 35 U.S.C. § 271(e)(4), including an Order of this Court that the effective date of the approval of Zydus's 505(b)(2) application be a date that is not earlier than the expiration date of the '409 patent, or any later expiration of any patent term extension or exclusivity for the '409 patent to which Plaintiffs are or become entitled.

83. Plaintiffs are entitled to a declaration that, if Zydus commercially manufactures, uses, offers for sale, or sells Zydus's Proposed 505(b)(2) Products within the United States, imports Zydus's Proposed 505(b)(2) Products into the United States, or induces or contributes to such conduct, Zydus will infringe one or more claims of the '409 patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

84. Plaintiffs will be irreparably harmed by Zydus's infringing activities unless those activities are enjoined by this Court. Plaintiffs do not have an adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that the Court grant the following relief:

A. A judgment decreeing that Zydus has infringed the patents-in-suit by submitting Zydus's 505(b)(2) application;

B. A permanent injunction pursuant to 35 U.S.C. § 271(e)(4)(B) or 35 U.S.C. § 283 restraining and enjoining Zydus, its directors, officers, agents, attorneys, affiliates, divisions, successors and employees, and those acting in concert with Zydus, from infringing the

patents-in-suit by the commercial manufacture, use, offer for sale, or sale within the United States, and/or importation into the United States, of Zydus's Proposed 505(b)(2) Products;

C. An order pursuant to 35 U.S.C. § 271(e)(4)(A) decreeing that the effective date of any approval of Zydus's 505(b)(2) application be a date that is not earlier than the expiration date of the latest to expire of the patents-in-suit, or any later expiration of any patent term extension or exclusivity for the aforementioned patents-in-suit to which Plaintiffs are or become entitled;

D. An award of monetary relief to the extent Zydus commercially manufactures, uses, offers to sell, or sells within the United States, or imports into the United States any product that infringes or induces or contributes to the infringement of the patents-in-suit within the United States prior to the expiration of the aforementioned patents, including any later expiration of any patent term extension or exclusivity for the patents to which Plaintiffs are or become entitled, and that any such monetary relief be awarded to Plaintiffs with prejudgment interest; and

E. Such other and further relief as the Court may deem just and proper.

Dated: September 10, 2026
Newark, New Jersey

s/ William P. Deni, Jr.
William P. Deni, Jr.
J. Brugh Lower
Stephen R. Donat
**FBT GIBBONS LLP**
One Gateway Center
Newark, New Jersey 07102
(973) 596-4500
wdeni@fbtgibbons.com
jlower@fbtgibbons.com
sdonat@fbtgibbons.com

*Attorneys for Plaintiffs*
*Eisai R&D Management Co., Ltd.,*
*Eisai Co., Ltd.,*
*Eisai Manufacturing Ltd.,*
*Eisai Inc., and*
*MSD International Business GmbH*

*Of Counsel*:

Preston K. Ratliff II (*pro hac vice* to be submitted)
Melanie R. Rupert (*pro hac vice* to be submitted)
Bruce M. Wexler (*pro hac vice* to be submitted)
Sarah E. Spencer (*pro hac vice* to be submitted)
Justin T. Fleischacker (*pro hac vice* to be submitted)
**PAUL HASTINGS LLP**
200 Park Avenue
New York, New York 10166
(212) 318-6000

Lucas L. Kressel
**PAUL HASTINGS LLP**
2001 Ross Avenue #2700
Dallas, Texas 75201
(972) 936-7500